■ PREFERRED MUTUAL INSURANCE COMPANY, Respondent, v ALLCITY INSURANCE COMPANY, Appellant. [670 NYS2d 114] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered March 13, 1997, which, in an action by one insurer against another pursuant to Insurance Law § 3420 (b) (1) or (2) to recover (1) the settlement proceeds paid by plaintiff in an underlying action in which the parties' insureds were the defendants, and (2) plaintiff's attorneys' fees incurred in the instant action, granted plaintiff's motion for summary judgment on its first cause of action to recover 20% of the settlement proceeds plus all of its attorneys' fees incurred in the instant action to the extent of awarding it such 20% plus 20% of its reasonable attorneys' fees and disbursements incurred in the underlying action, after confirming a Special Referee's report finding that plaintiff had given defendant timely notice of the underlying action, unanimously modified, on the law, to vacate the award of attorneys' fees and disbursements, and otherwise affirmed, without costs.

The Special Referee's finding that defendant had received the January 1988 correspondence regarding the underlying action was properly confirmed as "substantially supported by the record" (*Barr v Barr*, 232 AD2d 316). Since defendant does not dispute that such a finding would render its disclaimer of coverage to its insured belated and ineffective, the court properly granted plaintiff summary judgment on its first cause of action insofar as it sought to recover defendant's insured's adjudicated apportioned liability. However, it was error to award plaintiff a portion of its attorneys' fees and disbursements incurred in the underlying action, since the statute under which it sues does

not provide for such an award, and no legal costs were incurred by plaintiff in defense of defendant's insured, against whom plaintiff's insured had entered a default judgment on a cross claim. There is no merit to plaintiff's argument that its litigation costs would have been significantly less had defendant retained counsel to defend its insured, and that the relief awarded, fees incurred in the underlying action, was not that requested, namely the fees incurred in the instant action. Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.